# United States Court of Appeals

Eleventh Circuit

56 Forsyth Street, N.W.

Atlanta, Georgia 30303

**John Ley**
Clerk of the Court

For rules and forms visit
www.ca11.uscourts.gov

March 05, 2010

```
FILED by _H.H._ . D.C.

MAR 0 8 2010

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI
```

Steven M. Larimore
Clerk, U.S. District Court
400 N MIAMI AVE RM 8N09
MIAMI FL 33128-1813

**Appeal Number: 09-10123-CC**
Case Style: USA v. Sylvester Reid
District Court Number: 96-00798 CR-FAM

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
   Original Exhibits, consisting of: one psi
   Original record on appeal or review, consisting of: one volume

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

John Ley, Clerk of Court

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
## For the Eleventh Circuit

No. 09-10123

District Court Docket No.
96-00798-CR-FAM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Feb 4, 2010

JOHN LEY
ACTING CLERK

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

versus

SYLVESTER REID,

  Defendant-Appellant.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
---------------------------------------------------------------

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



ISSUED AS MANDATE
MAR 0 5 2010
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:   February 4, 2010
For the Court:   John Ley, Acting Clerk
By:   Patch, Jeffrey

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 09-10123
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 4, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 96-00798-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SYLVESTER REID,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(February 4, 2010)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Sylvester Reid, proceeding pro se, appeals the district court's denial of his

motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment

599 to the Sentencing Guidelines, which clarified under what circumstances a weapons enhancement may properly be applied. On appeal, Reid argues that he was entitled to an Amendment 599 reduction for his 18 U.S.C. § 924(c) convictions in Counts 2, 4, and 6. After thorough review, we vacate and remand.

We review a district court's conclusions about the scope of its legal authority under § 3582(c)(2) de novo. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may not modify a term of imprisonment unless a defendant was sentenced based on a sentencing range that has "subsequently been lowered" by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). In considering a § 3582(c)(2) motion, the district court must engage in a two-part analysis. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the sentence under the amended guidelines and determine the new base level by substituting the amended guideline range for the originally applied guideline range. Id. Second, the court decides whether, in light of the 18 U.S.C. § 3553(a) factors, it will "elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." Id. at 781.

On November 1, 2000, Amendment 599, which was made retroactive, amended the commentary language for U.S.S.G. § 2K2.4. See U.S.S.G. App. C, Amend. 599; see U.S.S.G. § 1B1.10(c). Section 2K2.4 applies to 18 U.S.C. §

2

924(c) convictions.  <u>See</u> U.S.S.G. § 2K2.4.  Title 18 U.S.C. § 924(c) imposes a term of imprisonment for "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A).  Amendment 599 states in relevant part:

> **4. Weapon Enhancement.** -- If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.

U.S.S.G. § 2K2.4, comment. (n.4).

As an initial matter, contrary to Reid's claims, the district court did not err by denying his § 3582(c)(2) motion as to Counts 2, 4 and 6 because Amendment 599 does not eliminate Reid's sentences for those counts.   However, the government concedes that Amendment 599 does provide Reid some relief on his other counts, and liberally construes his <u>pro se</u> motion to provide for that relief. <u>See</u> <u>Boxer X v. Harris</u>, 437 F.3d 1107, 1110 (11th Cir. 2006) ("<u>Pro se</u> pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."); <u>United States v. Dabdoub-Diaz</u>, 599 F.2d 96,

98 (5th Cir. 1979) (construing a <u>pro se</u> defendant's motion liberally).[1]

We agree with the government that Reid is entitled to a sentence reduction for his 18 U.S.C. § 1951(a) convictions in Counts 1, 3, and 5 -- the underlying offenses to his § 924(c) convictions -- because the district court had issued specific offense characteristics to those counts for brandishing a firearm.   Pursuant to Amendment 599, those specific offense characteristics should be eliminated, signifying that Reid's guideline range for Counts 1, 3, and 5 is now lowered to 70 to 87 months' imprisonment based on an amended total offense level of 23 and a criminal history category of IV.   Because Reid's amended guideline range is lowered by Amendment 599 and the government willingly construes Reid's motion to include this relief, we vacate and remand.

**VACATED AND REMANDED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (<u>en banc</u>), we adopted as binding precedent all former Fifth Circuit decisions issued before October 1, 1981.

4