# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 10, 2012

Steven M. Larimore
United States District Court
400 N MIAMI AVE
MIAMI, FL 33128-1807

Appeal Number: 11-12726-BB
Case Style: USA v. Sylvester Reid
District Court Docket No: 1:96-cr-00798-FAM-1

The record on appeal will be returned to you at a later date.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Carol Lewis/jtp
Phone #: (404) 335-6179

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 11-12726
_____

District Court Docket No.
1:96-cr-00798-FAM-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2011
JOHN LEY
CLERK

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

versus

SYLVESTER REID,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: December 09, 2011
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Issued as Mandate
February 10, 2012

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 09, 2011

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 11-12726-BB
Case Style: USA v. Sylvester Reid
District Court Docket No: 1:96-cr-00798-FAM-1

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Janet K. Spradlin, BB at (404) 335-6178.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 11-12726
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:96-cr-00798-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SYLVESTER REID,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(December 9, 2011)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Sylvester Reid, a federal prisoner proceeding pro se, appeals his total 610 months' sentence imposed after the district court granted his 18 U.S.C. § 3582(c)(2) motion to reduce his sentences based on Amendment 599 to the Sentencing Guidelines.

After a 1996 jury trial, Reid was convicted of three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts One, Three and Five) and three counts of using a firearm during and in relation to the robberies, in violation of 18 U.S.C. § 924(c) (Counts Two, Four and Six). At sentencing, the district court, among other things, applied a five-level "specific offense characteristic" increase for Counts One, Three and Five (the robberies) because Reid had brandished a firearm. See U.S.S.G. § 2B3.1(b)(2)(C). The district court imposed concurrent 120-month sentences on Counts One, Three and Five; a mandatory consecutive 60-month sentence on Count Two; and mandatory consecutive 240-month sentences on Counts Four and Six, for an initial total 660-month sentence. Reid appealed his convictions, but not his sentences. This Court affirmed. See United States v. Reid, No. 98-4337 (11th Cir. Aug. 20, 1999) (unpublished).

On November 1, 2000, Amendment 599 amended the commentary to U.S.S.G. § 2K2.4, which provides the base offense level for a defendant who commits a § 924(c) offense. After Amendment 599, if the district court imposes a

§ 924(c) sentence "in conjunction with a sentence for the underlying offense" the court "do[es] not apply any specific offense characteristics for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense." U.S.S.G. app. C, amend. 599.

In 2008, Reid filed a pro se § 3582(c)(2) motion based on Amendment 599. Reid argued that under Amendment 599, his consecutive, twenty-year sentences on Counts Four and Six were improper because they were charged in a single indictment. The district court denied Reid's § 3582(c)(2) motion. On appeal, this Court affirmed the district court as to Counts Two, Four and Six (the firearm counts) because Amendment 599 had no effect on those sentences. However, the Court vacated and remanded as to Counts One, Three and Five (the robbery counts) because application of Amendment 599 eliminated the "specific offense characteristic" enhancement of U.S.S.G. § 2B3.1(b)(2)(C), which resulted in a new guidelines range of 70 to 87 months' imprisonment on those counts. See United States v. Reid, 364 F. App'x 554 (11th Cir. 2010). As noted earlier, the original sentence on these counts was 120 months concurrently.

On remand, Reid was represented by counsel and argued, inter alia, that the district court should resentence Reid to a single mandatory 60-month sentence on Counts One, Three and Five because they were charged in the same indictment

3

and the sentences were imposed on the same day.[1] The district court granted Reid's § 3582(c)(2) motion and imposed three concurrent 70-month sentences, at the low end of the new, amended guidelines range, as to Counts One, Three and Five. The district court ran the three, new 70-month sentences concurrent to each other, but consecutive to the unchanged sentences for Counts Two, Four and Six, for a total of 610 months.

On appeal, Reid argues that: (1) his 1996 indictment was flawed because it did not identify with sufficient specificity under which subsection of § 924(c) he was charged; (2) Counts Four and Six should not have received consecutive, twenty-year sentences as "second or subsequent" convictions under § 924(c) because those offenses were charged in the same indictment as Count Two; and (3) remand is necessary because the district court failed to address these arguments when it granted his § 3582(c)(2) motion.

The problem for Reid is that his claims are outside the scope of his

---

[1] Reid also argued that, pursuant to Pepper v. United States, 562 U.S. ___, 131 S. Ct. 1229 (2011), he was entitled to a full resentencing hearing, including consideration of his post-sentencing rehabilitation. Even construed liberally, Reid's pro se appellate brief does not raise this argument, and thus he has abandoned it. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (explaining that, although we construe pro se pleadings liberally, "issues not briefed on appeal by a pro se litigant are deemed abandoned").

4

§ 3582(c)(2) motion.[2] Under § 3582(c)(2), the district court may reduce an incarcerated defendant's term of imprisonment when the defendant has been sentenced pursuant to a guidelines range "that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). However, a § 3582(c)(2) proceeding "does not constitute a de novo resentencing" and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000).

Here, only the sentences for Counts One, Three and Five received the "specific offense characteristic" enhancement eliminated by Amendment 599. As such, these were the only sentences the district court could modify. The district court lacked the authority under § 3582(c)(2) to consider Reid's arguments regarding his indictment and his sentences for Counts Two, Four and Six.[3] Accordingly, the district court properly limited its determination to whether to reduce Reid's sentences on Counts One, Three and Five.

---

[2] We review de novo the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3583(c)(2). United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008).

[3] Reid's arguments are also barred by the law of the case doctrine because he did not raise them in his direct appeal after his original sentencing. See United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997).

5

**AFFIRMED.**