UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Sylvester Reid,
  Petitioner,

vs.

United States Of America,
  Respondent.

Criminal Action No:
1:96-CR-798-7AM

Civil Action NO:
01-11-CV-Moreno

FILED by _____ D.C.
JUN 0 3 2013
STEVEN M. LARIMORE
CLERK U.S. DIST CT.
S. D. of FLA. – MIAMI

### INDEPENDENT ACTION

PETITIONER"S MOTION FOR RELIEF FROM THE CIVIL JUDGEMENT RENDERED
BY THIS COURT.... PURSUANT TO RULE 60(B)(4) FEDERAL RULES OF CIVIL PROCEDURE

HONORABLE FREDERICO A. MORENO UNITED STATES DISTRICT COURT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

  Comes now, Sylvester Reid, pro-se petitioner, pursuant to **Rule 60(b)(b)(4)**, Federal Rules Of Civil Procedure, and respectfully submit this Motion requesting that this Court vacate the civil judgement that was rendered on October 18, 2001, dismissing petitioner's Motion (that was submitted on January 3, 2001,) pursuant to Title **28, U.S.C.,§2255.**
  Petitioner asserts and states, that the civil judgement rendered by this Court, is "legally void" or otherwise, "legally invalid", in that, it was rendered in total violation of the statutory due process procedure governing fair disposition of a collateral attack under §2255.
  Petitioner further request that this Court will construe the following pleadings liberally, and afford all reasonable inferences to be drawn therefrom, and hereto.
  (See: **Bledsue vs. Johnson**, 188 F.3d 250-255 (5th Cir. 1999)).

### ARGUMENT PRESENTED

  The Civil Judgement rendered by the District Court to deny petitioner's Motion that was filed pursuant to **28, U.S.C.,§2255....** was tantamount to a procedural oversight that resulted in an incorrect application of the law.... surrounding a question of particular interest to petitioner's Motion that the Court was required to resolve.
  Rule **60(b)(4)** is the appropriate legal vehicle in which to present the argument that's being raised.
  Rule **60(b)(4)**, Federal Rules Of Civil Procedure, provides, that:
"A Court may relieve a party form a Final Judgement, when the judgement is void.... a judgement is void, where the Court lacked personal or subject matter jurisdiction, or where the entry of the Order violated due process".

(See: <u>Triad Energy Corp. vs. McNell</u>, 110 FDR. 328 (1986).... Also, <u>Stoll vs. Gottlier</u>, 305 U.S. 165 (1938)).

The right to relief from a void judgement, is absolute, not within the Court's discretionary power.

The U.S. Supreme Court, in <u>Gonzalez vs. Crosby</u>, 162 L.ed. 2d. 480, 500 (2005), addressed the question as to what legal arguments could be properly raised in a **60(b)** Motion? The Court pointed out that:

"Rule 60(b) applies in habeas proceedings, only to the extent that (it is) not in consistent with applicable federal statutes and rules.... because, the second or successive provisions of the AEDPA, 28, U.S.C., §2244(b) applies only where a Court acts pursuant to a prisoner's habeas corpus application, the question here is, whether a Rule 60(b) Motion is such an application? Noting that, the text of §2244(b) shows that: For these purposes, a habeas application is a filing containing one or more claims".

Federal habeas statutes and Supreme Court precedents, make clear that a "claim" is an asserted federal basis for relief from a conviction.

In a **60(b)** Motion contains one or more claims, the Motion is, if not in substance, a habeas corpus application, it is at least similar enough, that failing to subject it to AEDPA's restrictions, would totally, be inconsistent with the statute.

The **Gonzalez Court, supra, at 488,** thus held, that:

"A Rule 60(b) Motion can be said to bring a claim, if it seeks to add a new ground for relief from the conviction, or attacks the federal Court's previous resolution of a claim on its merits.... though, not if it merely attacks a defect in the federal habeas proceedings integrity".

The Court further stated in <u>Gonzalez</u>, Supra, at 492-93, that:

"The term <u>on the merits</u>, has multiple usages, but we refer to a determination that there exist, or do not exist, grounds entitling a petitioner to habeas corpus relief".

### TIMELINESS OF THIS MOTION PURSUANT TO RULE 60(b)(4):

Petitioner's Motion and issue that's being raised herein, are timely, under the provisions of **Rule (60)(b)(4)**, Federal Rules Of Civil Procedure.

In respect to the "void judgement" aspect of **Rule 60(b)(4)**, petitioner does not have an issue with the time element of presenting this Motion.

Reasonable time criterion of this Rule, that governs the setting aside of void judgements, means in effect, no time limitation, since a void judgement is no judgement at all.... therefore, Court's that entered a void judgement, may vacate that judgement at any time

(See: <u>Hawkeye Sec. Ins. Co. vs. Porter</u>, 95 f.R.D. 417 (D.C. Ind. 1982).

The District Court has the inherent power to set aside an Order that is based on the misenterpretation of the law, even when the limits imposed by **Rule 60(b)** has expired.

See: <u>Averbach vs. Rival Manufacturing Company</u>, 809 F.2d 1016, 1019 (3rd Cir.1987)(Rule 60(b) does not limit the power of the Court to entertain an Independent Action, to relieve a party from a judgement, Order, or proceeding.... or to set aside a judgement, or fraud upon the Court.... thus, the one-year time limit in the Rule, does not apply to Independent Actions).

## PROCEDURAL HISTORY

On October 1, 1996, a Federal Grand Jury sitting in the U.S. District Court, Southern District Of Florida, Miami Division.... returned a "True Bill" to a Six Count Indictment, in which three-counts charged the following offenses:
"**Delay and Affecting Commerce By Robbery in violation of the Hobbs Act, Title 18, U.S.C.,§1915(A)**". (Indictment NO: 96-798-CR_Moreno)

On December 3, 1997, petitioner was found guilty of all counts alleged in the indictment, and was subsequently sentenced on February 18, 1998, to a **prison term of "55-years". followed by 2-years Supervised Release.**

An appeal was timely filed in the 11th Circuit Court Of Appeals, that was affirmed in September 23, 1999, affirming both, the conviction and sentences. **(Appeal #: 98-4337-HH)**

On January 3, 2001, petitioner's Motion to Vacate, Set Aside Or Correct Sentence, pursuant to **28, U.S.C.,§2255**, was filed by the District Court Clerk and assigned to Magistrate Judge HonorableCharlene H. Sorrentino, for a report and recommendation to be submitted to Judge Moreno.
**(Civil Action #: 01-11-CV-Moreno)**

## ISSUE RAISED IN MOTION TO VACATE SENTENCE PURSUANT TO 28, U.S.C.,§2255.

Petitioner, in submitting his original Motion to vacate sentence, pursuant to the provision of **§2255**, raised the following issues:
"**(1), That U.S.C. §1951(A) was unconstitutional for over-breath, based upon the Supreme Court's decision rendered in United States vs. Lopez, 514 U.S 549 (1995).**
   **(2), Petitioner's convictions under 18, U.S.C., §924(c) were jurisdictionally defective.**
   **(3), The jury instructions as to 18, U.S.C., §1951(A) were constitutionally inadequate.**
   **(4), The indictment was jurisdictionally defective, because it failed to specify criminal conduct that was violate of the Hobbs Act, 18, U.S.C., §1951(A)**".

On September 19, 2001, Magistrate Judge Sorrentino submitted the Report and Recommendation to the Court, in which it was recommended that petitioner's Motion be denied and dismissed.

On October 18, 2001, Judge Moreno adopted (in full) the Report and Recommendation submitted by the Magistrate Judge.... thus, denying and dismissing petitioner's Motion based upon the findings of facts and conclusions of law, set out by Magistrate Judge Sorrentino, in the report.

In the Magistrate Judge's Report and Recommendation, the Magistrate Judge went directly to the crux of petitioner's arguments, that centered around the legal validity of the **Hobbs Act, 18, U.S.C.,§1951(A)**, in light of **United States vs. Lopez, 514 U.S. 549 (1995).**

The Magistrate Judge, pointed-out, that:
"**Petitioner's reliance upon Lopez, to attack the Constitutionality of the HObbs Act, was "without merits", according to the Eleventh Circuit's rulings, and all other Circuit Court's that addressed the Hobbs Act issue surrounding LOPEZ**".

The Eleventh Circuit, in its holding in **United States vs. Castelbury, 116 F.3d 1384 (11th Cir. 1997)**, held that:

(3)

"Unlike the statue involved in Lopez, the Hobbs Act contains a jurisdictional requirement, that the extortion be connected, in any way, to interstate commerce".

"Because the Hobbs Act contains this jurisdictional element, we continue to hold that the Government only needs to establish a minimal effect on interstate commerce, to support a violation of the Hobbs Act".

As is reflective of the record, surrounding the issues raised by petitioner in his Motion to vacate sentence, pursuant to §2255.... petitioner also attacked the "constitutional adequacy" of the courts instructions, as to the Hobbs Act. **(See: Issue #-3).**

Magistrate Judge Sorrintino, in addressing this issue, found that:

"The District Court, instructing the jury as to §1951(A), the Court had properly instructed the jury that: in addition to finding the elements for a robbery under §1951(A), the jury only needed to find some effect on interstate commerce".

### PETITIONER'S ARGUMENT ALONG WITH MEMORANDUM OF LAW SUBMITTED IN SUPPORT OF HIS REQUEST FOR RELIEF THAT'S PURSUANT TO RULE 60(b)(4), FEDERAL RULES OF CIVIL PROCEDURE.

Petitioner, being a layman of the law, without any training in the legal science of interpretating the complex rulings associated with "precedences" rendered by the Courts.... has always, had to rely upon a reviewing District Court's "liberal interpretation" of whatever pleading petitioner had submitted.... as was directed by such precedences, as: **Haines vs. Kerner**, 404 U.S. 519, 30 L.Ed. 2d. 652, 92 S.Ct. 594 (1972); and, **Boag vs. MacDougall**, 454 U.S. 364, 70 L.Ed. 2d. 551, 102 S.Ct. 700 (1982).

As was the case, when petitioner submitted his Motion to vacate sentence, pursuant to **28, U.S.C.,§2255**, on June 7, 2002.... petitioner was relying upon a liberal interpretation of his pleading, by the District Court.... which, petitioner had submitted, based upon his very limited knowledge and understanding of the law.

While it is evident, (reflective of the record)_ that petitioner presented four (4) issues in his Motion, for review.... however, since the crux of his Motion to vacate sentence, is centered around the DistrictCourt's "adoption" of the Magistrate Judge's report, that "mis-enterpretated the law".... petitioner, need not venture into a repetitious argument, that is not relevant to the argument at hand.

### ARGUMENT IN SUPPORT

The trial record reflects, that prior to submitting jury instructions to the Court for evaluations and approval in compliance with existing law.... attorneys for petitioner, Mr. Carl J. Mecke, and Mr. Terence M. Lennamon) had engaged in a discussion with Mr. Orlando A. Prescott, (A.U.S.A) as to the elements that were essential to proving a violation of in the indictment.... the record also seems to indicate that, the Court had taken part in the discussion.

A candid and scrutinizing examination of the "pre-trial" jury instructions discussion, that was conducted between Judge Moreno, Mr. Orlando A. Prescott, (A.U.S.A), Mr. Carl Joesph Mecke, and Mr. Terence Michael Lenamon, (defense attorneys), prior to trial, reflects that:

"The legal substance of the discussion was directed towards outlining, with legal clarity, and total agreement.... what jury instructions would be given, as to the defining law, surrounding the essential elements, that had to be proven by the government, to establish petitioner's guilt beyond a reasonable doubt on having violated the Hobbs Act. The main concern was what would be an appropriate jury instructions, to the jurors, in reference to the element pertaining to interstate commerce, the discussion, clearly indicated, that the instruction issue as to interstate commerce had been discussed at some earlier date, and was collectively finalized.... with both parties totally agreeing, that the Court was to instruct the Jury that both parties had "stipulated" that the commerce element had been met, and there was no disagreement as to that element".

(See: Pages #-465, beginning at Line-6, thru page #-467, ending as Line-4, of the "pre-jury instruction" transcript that's attached hereto, as Exhibit #: R-1).

As is reflective of the pre-jury instruction discussion, dialogue, judge Moreno, relying upon the stipulation that was formulated and agreed to, by both parties.... elected not to give any instruction in relations to the "third element" of the Hobbs Act, offense, as to interstate commerce.

The decision made by Judge Moreno, not to instruct the jury, as to the third element of the Hobbs Act, surrounding interstate commerce.... based upon the agreed stipulation of both parties, was plain error of constitutional proportion, in that:

"Not only did Judge Moreno elect to totally ignore the legal significance of the third element to a Hobbs Act offense, which is the 'singular', most significantly, argumentative element, surrounding a Hobbs Act prosecution, because the third element focuses strictly upon the legal basis upon which federal jurisdiction over a Hobbs Act offense is solidified.... Judge Moreno, also, improperly invaded the province of the jury, when he failed to instruct the jury as to the third element.... but, subsequently instructed the jurors, that the third element of the charged crime, surrounding interstate commerce, was not in dispute, wherefore, the jurors only had to consider the first two(2) elements of the offense".

(See: Copy of Jury Instructions given by Judge Moreno, that's attached hereto).

The legal crux of petitioner's argument, as to why the Civil Judgement that was rendered by the District Court, denying his 2255 -Motion.... was legally invalid and void, pursuant to Section 60(b)(4).... is predicated upon the "erroneous procedural due process decisions", that were made by the Court, that deprived the Court of subject matter jurisdiction of the Hobbs Act offense.

The Court, relying upon an agreed stipulation by the prosecution and defense attorneys, made the erroneous decision to:

"Completely delete the third element of the Hobbs Act Offense, out of the proof-elements equation, (that had to be proven by the government) which was the most significant singular element of the three elements, that were legally-required to be proven by the government, to establish a criminal violation of the Hobbs Act, was totally contrary to statutory procedural rulings.

Also, still relying upon the agreed stipulation, the Court instructed the jury, that the stipulation was an agreement reached between both parties, that the third element was not in dispute.... wherein, indicating to the jury, (with that instruction) that the third element had been proven".

A candid and scrutinizing review of the trial transcript, beginning on page #-465, at line #-6, and ending on page #-467, at line #-4, (which are attached hereto) explicitly, reflects the erroneous decisions, that were made by the Court, based upon the agreed stipulation.

However, it must be noted, that on page #-465, beginning at line #-6.... the exchange (Mr. Lenamon and Mr. Mecke) is very crucial to petitioner's arguments:

The Court: Should I tell the jurors that the commerce element has been met?

Mr. Lenamon: Yes Sir.

Mr. Mecke: No I think that is a question for the jury.

The Court: I thought you stipulated to it.

Mr. Mecke: We did, I'm sorry, that is correct, I apologize.

The Court: So, when I read that third element, what I should do, I mean, I can read what term commerce means, but I will also add "there has been no disagreement and it is stipulated that, that third element has been met".

Mr. Prescott, (the federal prosecutor) cut-in at this point, to make a suggestion as to jury instruction #-7, to which the Court responded, then, went on with the discussion surrounding the stipulation....

The Court: Should I delete what the definition of commerce is, and simply add this element, it is agreed that there is no dispute that the third element has been proven, or do you want to read....

Mr. Lenamon: I would prefer some term of using stipulation instead of proven.

The Court: What is the difference?

Mr. Lenamon: Well, proven means like they did prove it. It was just agreed.

The Court: Okay, "Both sides agree that this third element is not in dispute" how does that suit the government?

Mr. Prescott: The government concurs.

The Court: The defense?

Mr. Lenamon: Yes, sir.

The Court: Should I delete what the term commerce means?

Mr. Lenamon: That is up to the government, I don't have a problem either way.

The Court: Whatever you want.

Mr. Prescott: It can be deleted, Judge.

The Court: So what I will do is, I will delete everything about commerce after that, if you want me to, Is that what you want me to do?

Mr. Mecke: That is fine.

The Court: From the government?

Mr. Prescott: Yes, Judge.

The Court: So, page-8 will no longer exist, we will renumber the pages.

## ARGUMENT

To solidify his argument, that the District Court (Judge Moreno) committed "plain error", in deleting the "third element" of proving essential elements requirement"..... it is only necessary to reflect back on the statutory language that's set forth under **18, U.S.C.,§1951(A),** that highlights the essential elements, required to be proven, to establish a violation of the Hobbs Act.... which, Judge Moreno, quite efficiently, referred to, during the instructions to the jury, that consisted of the following:

"First, there is a particular statute, we refer to it as the Hobbs Act, and that is the section of the law that makes it a federal crime for anyone in any way to obstruct commerce by robbery.
The defendant can be found guilty of that offense, only if all of the following facts are proved beyond a reasonable doubt".
(1): That the defendant knowingly and willfully did take or obtained money or goods belonging to the business named in the indictment, from employees of those businesses....
(2): That the defendant robbed; that is, took or obtained this money and these goods, against the will of such employees, by means of actual or threatened force, violence, or fear of injury, whether immediately or in the future....
And, (3); That the subject robbery had the natural effect of interfering with interstate commerce, Both sides agree that this third element of interstate commerce is not in dispute. So, the first two are the ones you have to consider. (See: page #-532, beginning at Line-8, and ending on page #-533, at Line-3).

Taking into account the District Court's discussion with both parties, that resulted in deletion of the third element, and the subsequent jury instructions, petitioner asserts and states, that:

"When Magistrate Judge Sorrentino, was called upon to evaluate the merits of the issues raised by petitioner in his §2255 motion, the Magistrate became the sole factfinder, with legal authority to resolve some very troubling procedural questions, surrounding the District Court's decisions that impacted petitioner's conviction".

One of the most troubling and compelling questions, that confronted Magistrate Sorrentino, that demanded a resolution based strictly upon a rational determination, supported by existing legal precedent... was directed towards the District Court's decision, to delete the third element of the proof requirements, surrounding the Hobbs Act offense.

After having reviewed the transcript, in which the third element of the offense, had become somewhat of a controversial discussion, that was resolved with the Court deleting the third element.... Magistrate Judge Sorrentino's first order of business, was to:

"Establish with legal clarity, the legal precedent(s), set forth by Supreme Court, Eleventh Circuit, or other Circuits, that the District Court (Judge Moreno) had relied upon, that gave the Court subject matter jurisdictional authority, to delete the third element of the statutory proof requirements, out of the charged Hobbs Act offense.... based solely upon an agreed stipulation, that was formulated between defense attorneys and the federal prosecutor.... that, made it legally compelling, to instruct the jury, that they were only required to consider two, of the three, essential elements, that were statutorily required to convict petitioner of having violated the Hobbs Act, pursuant to 18, U.S.C.,:1951(A)"?

A scrutinizing review of the Report and Recommendations, submitted by Magistrate Judge Sorrentino, reflects that:

"The analysis done by the Magistrate, based on the trial transcript, completely ignored the central point of focus, which was centered around the District Court's erroneous deletion of the third element.... instead, the Magistrate ventured off into an insufficiency of the evidence argument (that was not what petitioner had raised in his Motion) circumventing the argument raised".

(7)

Petitioner asserts, that it is inconceivable, that Magistrate Judge Sorrentino, was not legally aware of such well known principle of law, that are totally contrary to the District Court's decision to delete an essential element of an offense, that must be proven based solely upon an agreed stipulation.

The Eleventh Circuit in a succession of cases, starting with **Eagerton vs. Valuations Inc.**, 698 F.2d 1115,1118, (11th Cir. 1983)... **Love vs. Turlington**, 733 F.2d 1562,1564 (11th Cir. 1984)... and, **Fitzgerald vs. SeaBoard System. r.r. Inc.**, 760 F.2d 1249, 1250 (11th Cir. 1985), in which the Court stated that:

"Subject matter jurisdiction cannot be created or waived by the agreement of parties".

Several Years later, in **Harris vs. United States**, 149 F.3d 1308 (11th Cir. 1998), the Court held that:

"Jurisdictional defects cannot be stipulated to or procedurally defaulted".

Magistrate Judge Sorrentino, tried to characterize petitioner's argument with the one raised in **U.S. vs. Castleberry**, 116 F.3d 1384 (11th Cir. 1997).... in which the movant claimed that the Court's instruction to the jury was error, because the Court took the interstate commerce element away form the jury.

While petitioner's argument may be similar to **Castleberry's**, as to the interstate commerce element being taken away form the jury during instructions, but the similarities ends at that point... the "facts", that compelled petitioner to raise such an argument for exceed the factual basis relied upon by **Castleberry**.

There can be no reasonable denial, that Magistrate Sorrentino, misinterpretated the legal substance of the issues raised by petitioner in his §2255 Motion.... by failing to apply a "liberal standard" of review to his pro se required under the law.

There is no denial, that Judge Moreno committed "plain error", by accepting and adopting, (in every aspect) the report and Recommendations submitted by Magistrate Judge Sorrentino.... wherein, the Court was fully aware, that the decision to delete the third element of the charged Hobbs Act offense, pursuant to 18, U.S.C.,§1951(A).... was in "direct conflict" with the statutory procedural requirements that governs the "due process clause" of the Fifth Amendment.... that requires the prosecutor to prove, beyond a reasonable doubt, "Every element of the crime", with which the defendant is charged.

The legal substance of the District Court's decision to delete the third element of the charged Hobbs Act, was so "crucial" to the legality of subject matter jurisdiction.... surrounding a robbery that interfered with interstate commerce, that, to alter the proof requirement, lessening the prosecution's burden of proving interference with interstate commerce, by way of robbery.... based upon an agreed stipulation, deprived the District Court of subject matter jurisdiction.

A scrutinizing examination of the language set forth in the Hobbs Act, pursuant to 18, U.S.C.,§1951, surrounding the "jurisdictional aspect"of that statute, seems to imply, that:

"Robbery, that interferes with interstate commerce, is a violation of federal law.... and, because interference with interstate commerce by robbery is a jurisdictional element that must be proven to the jury, by the government, beyond a reasonable doubt.... it cannot be waived, nor, stipulated to.... neither, can such a stipulation be equated to a waiver of the right, to have the government prove it's case, as to subject matter jurisdiction".

(8)

There is no legal authority, to which the District Court could've relied, that was supportive of the decision, that an "agreed stipulation", gives consent, to change the burden of proof requirements in a criminal prosecution.

This is irrefutable, because the burden of proof, is not the defendant's legal obligation, to waive.

In Victor vs. Nebraska, 511 U.S. 1, (1994), the Court stated that:

"The due process clause, requires the government to prove a criminal defendant's guilt beyond a reasonable doubt, and trial Courts must avoid defining reasonable doubt, so as, to lead the jury to convict on a lesser showing, than due process requires".

A quick review of the erroneous legal analysis made by Magistrate Judge Sorrentino, surrounding the sufficiency of the evidence.... which was not a "concerning issue of focus", raised by petitioner in his Motion for relief, pursuant to §2255.... clearly reflects, that the Magistrate analysis was:

"Nothing more than a smoke-screen, utilized to divert focus away from the real issue.... which, was the incorrect decision made by Judge Morent, in deleting the third element of the Hobbs Act proof requirement".

Since it is "inevitable", that the trial transcript has become the "most credible" factual evidence, that's pertinent to petitioner's argument.... it becomes evident, that:

"The finding of fact and, conclusion of law, made by Magistrate Judge Sorrentino, to deny petitioner's Motion, based upon sufficiency of the evidence.... was the most "obvious determanation", made by the Magistrate.... that undermined the true legal essence of the petitioner's 2255 Motion".

Taking into account, the indisputable fact, reflective of the trial transcript, that the District Court had instructed the jury, that both parties had agreed and stipulated, that the commerce element had been met.... made it "totally un-necessary", for Magistrate Judge Sorrentino, to conduct a legal analysis, as to the trial evidence, surrounding the first two elements.

The Supreme Court, in Sullivan vs. Louisana, 508 U.S. 275, 278, 282 (1993), supra, stated that:

"An instructional error the incorrectly describes the burden of proof, will vitiate the jury's finding".

When reviewing the "very strict" proof requirements, that Congress imposed upon the government, to prove a violation of the Hobbs Act, pursuant to 18, U.S.C.,§1951(A).... which, was eloquently recited by both, Judge Moreno, and Magistrate Judge Sorrentino, in their respective citations of that statue, supportive of their individualized interpretations.... it's not difficult to conclude, that:

"There are serious legal questions, as to why Magistrate Judge Sorrentino would submit a Report and Recommendation, that completely ignored the most relevant issue raised by petitioner, in his 2255 Motion"?

There are equal questions of serious legal concern, as to why:

"Judge Moreno would readily accept and adopt the Report and Recommendations of Magistrate Judge Sorrentino, when it was clear, that petitioner had raised a valid argument, as to the Court's subject matter jurisdictional authority, based upon the Court's decision to delete the third element of the Hobbs Act proof requirements, that focused upon jurisdiction, if interstate commerce was affected.... that had not been properly addressed by Magistrate Judge Sorrentino"?

Petitioner has presented far more than the required factual evidence, coupled with applicable memorandum of law.... to show that:

"Pursuant to Rule 60(b)(4), the civil judgment rendered by Judge Moreno, based solely upon the Report and Recommendations of Magistrate Judge Sorrentino, is void, due to the lack of subject matter jurisdiction, that was invalidated by Judge Moreno's decision to delete the third element of the Hobbs Act proof requirement elements, which is required to be proven, to legally solidify a violation of the Hobbs Act, as a federal offense under 18, U.S.C., §1951(A)".

The record reflects, that there are serious questions of legal concern, as to the civil judgement that was rendered, denying petitioner's 2255 Motion which was jointly-rendered by Judge Moreno and Magistrate Judge Sorrentino.... therefore, petitioner respectfully request, that:

"Honorable Judge Moreno, and Magistrate Judge Sorrentino, both, rescue themselves form any further review of petitioner's Motion for relief, pursuant to 28, U.S.C., §2255.... as it applies to the review of this Rule 60(b)(4) challenge, to the civil judgement that denied petitioner's 2255 Motion".

In sum, predicated upon the facts of this case Judge Moreno's adoption of Magistrate Judge Sorrentino's Report and Recommendations, was plain error, that legally compels the judgement Order Of Denial, to be vacated, as being totally contrary to the existing standard of law.

## CONCLUSION

Petitioner respectfully request this Honorable Court, (United States District Court For The Southern District Of Florida, Miami Division) to vacate the civil judgement, that was rendered by Judge Moreno, denying petitioner's 2255 Motion.... and, apply the correct standard of law, in adjudicating petitioner's Motion.

For this petitioner prays.

Respectfully Submitted,

*Sylvester Reid*
Sylvester Reid #50013-004
Petitioner-pro se
U.S. Penitentiary
P.O. Box 26030
Beaumont, Texas 77720-6030

This 31th day of May, 2013

## CERTIFICATE OF SERVICE

I, Sylvester Reid, this 29th day of May, 2013, did place in the Prison Legal Mail System, a true and correct copy of this Motion and mailed it to the following parties:

Mr. Dustin M. Davis
Assistant U.S. Attorney
99 N.E.4th Street
Miami, Florida 33132

This 29th day of May, 2013.

(10)

Exhibit - R-7

465

```
 1  instruction.  Any objections?
 2          MR. PRESCOTT:  No, sir.
 3          THE COURT:  From the defense?
 4          MR. MECKE:  No objection to that instruction,
 5  Your Honor.
 6          THE COURT:  Should I tell the jurors that the
 7  commerce element has been met?
 8          MR. LENAMON:  Yes, sir.
 9          MR. MECKE:  No.  I think that is a question of
10  fact for the jury.
11          THE COURT:  I thought you stipulated to it.
12          MR. MECKE:  We did.  I am sorry.  That is
13  correct.  No, that is correct.  I apologize.
14          THE COURT:  So, when I read that third element,
15  what I should do, I mean, I can read what the term commerce
16  means, but I will also add "there has been no disagreement
17  and it is stipulated that that third element has been met."
18          MR. PRESCOTT:  The only other point on the
19  proposed jury instructions number 7, Judge, is the
20  wording -- the word attempted.  I know that --
21          THE COURT:  These were given to me.
22          MR. PRESCOTT:  I know, Judge, I know, but this
23  was not merely an attempt.  It was a completed act.
24          THE COURT:  So, what I will do is I will change
25  this to "the defendant robbed," and I will also -- should I
```

Reid - 11-26-97

```
 1  delete what the definition of commerce is and simply add
 2  this element, "it is agreed that there is no dispute that
 3  the third element has been proven." Or do you want me to
 4  read --
 5          MR. LENAMON: I would prefer some term of using
 6  stipulation instead of proven.
 7          THE COURT: What is the difference?
 8          MR. LENAMON: Well, proven means like they did
 9  prove it. It was just agreed.
10          THE COURT: Okay. "Both sides agree that this
11  third element is not in dispute." How does that suit the
12  Government?
13          MR. PRESCOTT: The Government concurs.
14          THE COURT: The defense?
15          MR. LENAMON: Yes, sir.
16          THE COURT: Should I delete what the term
17  commerce means?
18          MR. LENAMON: That is up to the Government. I
19  don't have a problem either way.
20          THE COURT: Whatever you all want.
21          MR. PRESCOTT: It can be deleted, Judge.
22          THE COURT: So what I will do is, I will delete
23  everything about commerce after that, if you want me to.
24  Is that what you want me to do?
25          MR. MECKE: That is fine.
```

```
 1        THE COURT:  From the Government?
 2        MR. PRESCOTT:  Yes, Judge.
 3        THE COURT:  So. Page 8 will no longer exist. We
 4   will renumber the pages.
 5        Aiding and abetting.
 6        MR. PRESCOTT:  Well, Judge, going back,
 7   therefore, as to element No. 1, that reads that the
 8   defendant knowingly and willfully attempted to take.
 9        THE COURT:  Took.
10        MR. PRESCOTT:  Did take.
11        THE COURT:  You want me to say "did take." Okay.
12   Then robbed.
13        MR. PRESCOTT:  Correct.
14        THE COURT:  Done.
15        MR. PRESCOTT:  Thank you, Judge.
16        THE COURT:  On page 9, jury instruction number 8,
17   aiding and abetting. Any objection?
18        MR. PRESCOTT:  No, sir.
19        THE COURT:  From the defense?
20        MR. LENAMON:  No.
21        MR. MECKE:  No objection.
22        THE COURT:  And then number 9, on pages 11 and
23   12, the carrying and using a firearm with the changes that
24   I made.
25        The Government?
```

U.S.A. vs Reid - 11-26-97

*Exhibit #: R-2*

52

1    [Jury out at 11:15 a.m.]

2        **THE COURT:** Considering the past practice, you

3 all could use a bathroom break. I don't need to, but I

4 think all of you probably do, especially the defendant. So

5 we will do that.

6    [Recess taken.]

7    [Jury in at 11:45 a.m.].

8        **THE COURT:** We have the defendant, defense

9 counsel and Government counsel, and all of the jurors.

10       Please be seated. We are calling in the order

11 for your food. It should be here as quick as they can

12 bring it.

13       Members of the jury, it is now my duty to

14 instruct you on the rules of law that you must follow and

15 apply in deciding this case. When I have finished, you

16 will go to the jury room and begin your discussions -- what

17 we call your deliberations.

18       It will be your duty to decide whether the

19 Government has proved beyond a reasonable doubt the

20 specific facts necessary to find the defendant guilty of

21 the crimes charged in the indictment.

22       You must make your decision only on the basis of

23 the testimony and other evidence presented here during the

24 trial; and you must not be influenced in any way by either

25 sympathy or prejudice for or against the defendant or the

1   Government.

2   You must also follow the law as I explain it to
3   you, whether you agree with that law or not.  You must
4   follow all of my instructions as a whole.  You may not
5   single out or disregard any of the Court's instructions on
6   the law.

7   The indictment or formal charge against any
8   defendant is not evidence of guilt.  Indeed, every
9   defendant is presumed by the law to be innocent.  The law
10  does not require a defendant to prove his innocence or
11  produce any evidence at all; and if the defendant elects
12  not to testify, you should not consider that in any way
13  during your deliberations.

14  The Government has the burden of proving a
15  defendant guilty beyond a reasonable doubt, and if it fails
16  to do so, you must find the defendant not guilty.

17  Thus, while the Government's burden of proof is a
18  strict or heavy burden, it is not necessary that the
19  defendant's guilt be proved beyond all possible doubt.  It
20  is only required that the Government's proof exclude any
21  reasonable doubt concerning the defendant's guilt.

22  A reasonable doubt is a real doubt, based upon
23  reason and common sense after careful and impartial
24  consideration of all of the evidence in the case.

25  Proof beyond a reasonable doubt, therefore, is

1 proof of such a convincing character that you would be
2 willing to rely and act upon it without hesitation in the
3 most important of your own affairs. I you are convinced
4 that the defendant has been proven guilty beyond a
5 reasonable doubt, say so. If you are not convinced, say
6 so.
7     As stated earlier, you must consider only the
8 evidence that I have admitted in the case. The term
9 evidence includes the testimony of the witnesses and the
10 exhibits admitted in the record. Remember that anything
11 that the lawyers say is not evidence in the case. It is
12 your own recollection and interpretation of the evidence
13 that controls. What the lawyers say is not binding upon
14 you.
15     Also, you should not assume from anything I may
16 have said that I have any opinion concerning any of the
17 issues in this case. Except for my instructions to you on
18 the law, you should disregard anything I may have said
19 during the trial in arriving at your own decision
20 concerning the facts.
21     In considering the evidence, you may make
22 deductions and reach conclusions which reason and common
23 sense lead you to make, and you should not be concerned
24 about whether the evidence is direct or circumstantial.
25     Direct evidence is the testimony of one who

1  asserts actual knowledge of effect, such as an eyewitness.
2        Circumstantial evidence is proof of a chain of
3  facts and circumstances indicating that the defendant is
4  either guilty or not guilty.
5        The law makes no distinction between the weight
6  you may assign to either direct or circumstantial evidence.
7        Now, in saying that you must consider all of the
8  evidence, I do not mean that you must accept all of the
9  evidence as true or accurate.  You should decide whether
10 you believe what each witness had to say and how important
11 that testimony was.  In making that decision, you may
12 believe or disbelieve any witness, in whole or in part.
13 Also, the number of witnesses testifying concerning any
14 particular dispute is not controlling.  You may decide that
15 the testimony of a smaller number of witnesses concerning
16 any fact in dispute is more believable than the testimony
17 of a larger number of witnesses to the contrary.
18        In deciding whether you believe or do not believe
19 any witness, I suggest that you ask yourselves a few
20 questions:  Did the person impress you as one who was
21 telling the truth?  Did he or she have any particular
22 reason not to tell the truth?  Did the witness have a
23 personal interest in the outcome of the case?  Did the
24 witness seem to have a good memory?  Did the witness have
25 the opportunity and ability to observe accurately the

Case 1:96-cr-00798-FAM Document 129 Entered on FLSD Docket 06/04/2013 Page 18 of 20
531

1  things she or he testified about? Did the witness appear
2  to understand the questions clearly and answer them
3  directly? Did the witness's testimony differ from the
4  testimony of other witnesses?
5       You should also ask yourselves individually
6  whether there was evidence tending to prove that the
7  witness testified falsely concerning some important fact,
8  or whether there was evidence that at some other time the
9  witness said or did something or failed to say or do
10 something which was different from the testimony he or she
11 gave before you during the trial.
12      You should keep in mind, of course, that a simple
13 mistake by a witness does not necessarily mean that the
14 witness was not telling the truth, as he remembers it,
15 because people naturally tend to forget some things or
16 remember other things inaccurately. So, if a witness has
17 made a misstatement, you need to consider whether that
18 misstatement was simply an innocence lapse of memory or an
19 intentional falsehood. And that may depend on whether it
20 has to do with an important fact, or with only an
21 unimportant detail.
22      When knowledge of a technical subject matter
23 might be helpful to the jury, a person having special
24 training or experience in that technical field, one who is
25 called an expert witness, is permitted to state his opinion

1  concerning those technical matters.
2       Merely because an expert witness has expressed an
3  opinion, however, does not mean that you must accept that
4  opinion. The same as with any other witness, it is up to
5  you to decide whether to rely upon it.
6       Now I am going to define for you what we refer to
7  as the elements of the offense.
8       First, there is a particular statute, we refer to
9  it as the Hobbs Act, and that is the section of the law
10 that makes it a Federal crime for anyone in any way to
11 obstruct commerce by robbery.
12      The defendant can be found guilty of that offense
13 only if all of the following facts are proved beyond a
14 reasonable doubt:
15      First:  That the defendant knowingly and
16 willfully did take or obtained money or goods belonging
17 to the business named in the indictment from employees
18 of those businesses;
19      Second: That the defendant robbed; that is, took
20 or obtained this money and these goods, against the
21 will of such employees by means of actual or threatened
22 force, violence or fear of injury, whether immediately
23 or in the future; and
24      Third: That the subject robbery had the natural
25 effect of interfering with interstate commerce.

Both sides agree that this third element of interstate commerce is not in dispute. So the first two are the ones you have to consider.

The indictment also charges violations of what we refer to as Section 1 of Title 18, which sometimes we call that aiding and abetting. And that particular section of the law says:

> Whoever aids, abets, counsels, commands, induces or procures an offense against the United States is punishable as a principal.

The guilt of a defendant in a criminal case may be proved without evidence that he personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything that a person can do for himself may also be accomplished through direction of another person as an agent, or by acting together with or under the direction of another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the defendant are willfully directed or authorized by the defendant, or if the defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person, just as though the defendant had engaged in