FILED by ABM D.C.
ELECTRONIC

APR 16, 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 16, 2014

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 13-13481-FF
Case Style: Sylvester Reid v. USA
District Court Docket No: 1:01-cv-11-Moreno
Secondary Case Number: 1:96-cr-00798-FAM-1

The enclosed copy of this Court's order denying the application for a Certificate of Appealability is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Janet K. Spradlin, FF/caw
Phone #: (404) 335-6178

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13481
Non-Argument Calendar
_____

D.C. Docket No. 1:96-cr-00798-FAM-1

SYLVESTER REID,

                              Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

Before TJOFLAT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

      Sylvester Reid appeals the denial of his *pro se* motion for relief from the judgment, Fed. R. Civ. P. 60(b) (4), that denied his motion to vacate, set aside, or correct his sentence, 28 U.S.C. § 2255. Reid argues that the denial of his earlier

motion to vacate his sentence was based on a misinterpretation of law.  It is well−settled that "a certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from judgment in a . . . § 2255 proceeding." *Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006) (internal quotation marks and citation omitted).  We construe Reid's notice of appeal as a motion for a certificate of appealability, and we deny it.

Reid has failed to make a substantial showing of the denial of a constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).  The district court lacked jurisdiction to entertain Reid's second or successive motion to vacate.  *See* 28 U.S.C. § 2255(h).  Ten and a half years after the district court denied Reid's first motion to vacate his sentence, Reid moved, under Rule 60(b)(4), to vacate the judgment that denied his first motion.  Reid argued that the district court misinterpreted the law, the evidence, and his arguments when it denied his earlier motion to vacate his sentence.  But a federal prisoner cannot use a motion to vacate a judgment, under Rule 60(b), to attack the earlier resolution on the merits of a motion to vacate a sentence.  *See Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011).  Accordingly, we deny Reid's motion for a certificate of appealability.

**CERTIFICATE OF APPEALABILITY DENIED.**

2